UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SILVERMAN & SILVERMAN, LLP

                                Plaintiff,                              REPORT AND
                                                                                      RECOMMENDATION
    -against-
                                                                                       11 CV 1894 (FB)(RML)

PACIFICA FOUNDATION,

                                Defendant.
------------------------------------------------------------------X

LEVY, United States Magistrate Judge:

        Plaintiff Silverman & Silverman, LLP ("plaintiff") moves, presumably pursuant to Fed. R. Civ. P. 37, to compel discovery and impose sanctions against defendant Pacifica Foundation ("defendant" or "Pacifica") and to strike defendant's answer and counterclaims based on its failure to respond to discovery requests and comply with the court's discovery orders. By order dated June 9, 2014, the Honorable Frederic Block, Senior United States District Judge, referred plaintiff's motions to me for a Report and Recommendation. (Order, dated June 9, 2014.) For the reasons stated below, I respectfully recommend that plaintiff's motions be granted, and that the court strike defendant's answer and counterclaims and enter a default judgment against defendant. I further recommend that defendant be ordered to pay plaintiff's costs in bringing the motions.

## BACKGROUND AND FACTS

        Plaintiff brought this action in April 2011 for breach of contract arising out of Pacifica's failure to pay fees allegedly owed for legal services performed by plaintiff's attorneys. (Complaint, dated Apr. 14, 2011 ("Compl.").) Defendant has asserted counterclaims against plaintiff for malpractice and breach of contract. (Answer, Counterclaims, dated May 23, 2011.)

Plaintiff subsequently moved to dismiss defendant's counterclaims. (See Letter Motion for Pre-motion Conference, dated June 2, 2011; Order, dated June 2, 2011; Minute Entry, dated July 6, 2011.) Defendant then filed a motion to amend its answer and counterclaims, and plaintiff's counsel consented to the motion. (Defendant's Motion to Amend Answer, dated Jan. 27, 2012; Letter of Arthur Z. Schwartz, Esq., dated Feb. 22, 2012; Order, dated Feb. 23, 2012.) Plaintiff answered the counterclaims, denying defendant's allegations. (Answer to Defendant's Counterclaims, dated Apr. 27, 2012.)

The parties then entered into lengthy settlement negotiations. When those negotiations broke down, discovery resumed, and on September 12, 2013, plaintiff filed a motion to compel defendant to provide discovery regarding dates for the depositions of four Pacifica witnesses. (Letter Motion for Discovery, dated Sept. 12, 2013, Doc. No. 37.) At a conference held on September 17, 2013, I granted plaintiff's motion, instructed defendant to provide dates for the depositions no later than October 1, 2013, and warned defendant that failure to comply would result in sanctions. (Minute Entry, dated Sept. 17, 2013.) On October 2, 2013, plaintiff moved again to compel discovery and sought sanctions against defendant. (Letter Motion for Sanctions, dated Oct. 2, 2013, Doc. No. 40.) Plaintiff reported that defendant had not complied with my order to provide dates for the depositions. (Id.) On October 4, 2013, plaintiff moved to strike defendant's answer and counterclaims. (Motion to Strike Answer and Counterclaims, dated Oct. 4, 2013, Doc. No. 41.) At a motion hearing held on October 15, 2013, I granted plaintiff's motion for sanctions, and deferred the determination of the amount of a sanction pending the outcome of the parties' settlement discussions. (Minute Entry, dated Oct. 15, 2013.)

The parties resumed settlement discussions, but on March 26, 2014, plaintiff's counsel informed the court that they were unable to finalize a settlement because they had

received no response from defendant after providing Pacifica's counsel with the final draft of the settlement agreement. (Letter of Scott E. Kossove, Esq., dated Mar. 26, 2014.) On May 9, 2014, plaintiff moved again to compel defendant to provide dates for depositions, and set deadlines for the remainder of discovery. (Motion for Discovery Order, dated May 9, 2014, Doc. No. 44 ("Motion for Discovery Order").) Plaintiff informed the court that it had received no communication from Pacifica or its counsel since the last status report. (Id. at 1.) On May 9, 2014, I issued an Order to Show Cause, directing defendant to explain by May 16, 2014 why I should not enter plaintiff's proposed discovery order. Defendant did not respond to the Order to Show Cause. By letters dated May 28, 2014, and May 29, 2014, respectively, plaintiff moved to strike defendant's counterclaims (Motion to Strike Defendant's Counterclaims, dated May 28, 2014, Doc. No. 46 ("Motion to Strike Counterclaims")) and its answer (Motion to Strike Answer to Complaint, Counterclaim, dated May 29, 2014 ("Motion to Strike Answer")). Defendant has failed to respond to either motion.

## LEGAL STANDARD

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, a court "has broad discretion to impose sanctions" when a party engages in discovery misconduct. Fleming v. City of N.Y., No. 01 CV 8885, 2006 WL 2322981, at *5 (S.D.N.Y. Aug. 9, 2006) ("Fleming I") (citing Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976)); accord FED. R. CIV. P. 37(b)(2) & (c)(1). Furthermore, Rule 55(a) provides that a court may enter a default judgment against a party for failing to "plead or otherwise defend." FED. R. CIV. P. 55(a).

Sanctions aim "1) to ensure that the offending party will not be able to profit from the failure to comply; 2) to provide a strong deterrence to the non-compliant party and to others in the public; and 3) to secure compliance with an order." Hudson v. IRS, No. 03 CV 172, 2007

WL 2295048, at *7 (N.D.N.Y. Mar. 27, 2007) (citations omitted). When deciding what sanctions to impose, a court must consider, "in light of the full record" of the case, Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1068 (2d Cir. 1979), "'(a) willfulness or bad faith on the part of the noncompliant party; (b) the history, if any, of noncompliance; (c) the effectiveness of lesser sanctions; (d) whether the noncompliant party had been warned about the possibility of sanctions; (e) the client's complicity; and (f) prejudice to the moving party.'" Fleming v. City of N.Y., 01 CV 8885, 2007 WL 4302501, at *3 (S.D.N.Y. Dec. 7, 2007) ("Fleming II") (citations omitted). Available sanctions include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.
> . . . .
> (C) Payment of Expenses. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(b)(2)(A)(i)-(vii) & (C). See also Fleming II, 2007 WL 4302501, at *2-4; Fleming I, 2006 WL 2322981, at *5.

Use of the harshest sanctions "is limited to cases involving 'willfulness, bad faith, or any fault' on the part of the disobedient party." Altschuler v. Samsonite Corp., 109 F.R.D. 353, 356 (E.D.N.Y. 1986) (citation omitted). See Handwerker v. AT&T Corp., 211 F.R.D. 203,

209 (S.D.N.Y. 2002) ("[A] party's persistent refusal to comply with a discovery order presents sufficient evidence of willfulness, bad fault or fault.") (citation and quotation marks omitted). The court may dismiss a case or issue a default judgment "to punish litigants whose conduct is sufficiently flagrant to warrant such a sanction and to deter those who might be tempted to engage in dilatory conduct." Altschuler, 109 F.R.D. at 356 (citations and quotation marks omitted). Although a court should order a default judgment for discovery failures only "in extreme situations," Guggenheim Capital, LLC v. Birnbaum, 722 F.3d 444, 451 (2d Cir. 2013), "unless Rule 37 [sanctions are] perceived as a credible deterrent rather than a paper tiger, the pretrial quagmire threatens to engulf the entire litigative process." Cine Forty-Second St. Theatre Corp., 602 F.2d at 1064 (quotation marks & internal citations omitted).

## DISCUSSION

After a thorough examination of the full record in this case, I conclude that the facts weigh in favor of striking defendant's answer and counterclaims and entering default against defendant. The court has previously ordered defendant to provide discovery on multiple occasions, and defendant was afforded ample notice that failure to comply with this court's orders would result in sanctions. After providing minimal discovery, defendant has failed to communicate with plaintiff and has repeatedly failed to follow, or even respond to, this court's orders. Thus, I conclude that only an order striking the answer and counterclaims and entering a default judgment against defendant would be a suitable sanction at this stage. See Gomez v. El Rancho De Andres Carne De Tres Inc., No. 12 CV 01264, 2013 WL 2395978, at *3 (E.D.N.Y. May 31, 2013) ("[T]his Court concludes that no sanction short of entering default would suffice at this point."); Stirrat v. Ace Audio/Visual, Inc., No. 02 CV 2842, 2004 WL 2212096, at *3 (E.D.N.Y. Sept. 24, 2004) ("[N]o useful purpose would be served in issuing another discovery

order . . . ."). I therefore respectfully recommend that plaintiff's motions to strike the answer and the counterclaims be granted and that a default judgment be entered against defendant. I further recommend that defendant be ordered to pay plaintiff's attorney's fees and costs incurred in bringing the Motion for Discovery Order, the Motion to Strike Counterclaims, and the Motion to Strike Answer (Docs. 44, 46 & 47).

## CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiff's motions to strike defendant's answer and counterclaims be granted and that a default judgment be entered against defendant. I further recommend that defendant be ordered to pay plaintiff's attorney's fees and costs incurred in bringing the motion to strike defendant's answer, the motion to strike defendant's counterclaims, and the motion for a discovery order. Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with courtesy copies to Judge Block and to my chambers, within fourteen (14) days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1)(C) (2009); FED. R. CIV. P. 72, 6(a).

                      Respectfully submitted,

                      _____/s/_____
                      ROBERT M. LEVY
                      United States Magistrate Judge

Dated: Brooklyn, New York
        June 23, 2014